## Case No. 2,287.

### CAGE v. JEFFRIES.

[Hempst. 409.] [1]

Circuit Court, D. Arkansas. April, 1839.

PRACTICE—LAYING VENUE—JURISDICTION—DEMURRER.

1. Every material and traversable fact was formerly required to be alleged with a venue, as it regulated the summoning of the jury, who were anciently always returned from the vicinage; but with us, in transitory actions, venues are of no practical utility.

2. The jurisdiction of the court is not affected by the venue laid, or a wrong one, or by the entire omission to lay one.

3. When two states are named, one in the margin, and the other in the body of the declaration, the words "state aforesaid" have a general reference to the state or venue in the margin.

4. A special demurrer may be filed in all actions in the courts of the United States. 1 Stat. 91.

[At law. Action of debt by James D. Cage against Richard Jeffries. Heard on demurrer to the declaration.]

William C. Scott, for plaintiff.

William Cummins and Albert Pike, for defendant.

JOHNSON, District Judge. This is an action of debt, in which the plaintiff declared as follows, namely: "James D. Cage, a citizen of and residing in the state of Tennessee, complains of Richard Jeffries, a citizen of and residing in the state of Arkansas, of a plea that he render unto him the sum of

[1] [Reported by Samuel H. Hempstead, Esq.]

five hundred and thirty-nine dollars, which to him he owes and from him unjustly detains. For that whereas the said defendant, on the 1st day of April, 1837, at the state aforesaid, by his certain writing obligatory, promised to pay," and then proceeds as in the ordinary form." To this declaration, the defendant has filed a special demurrer, and assigned as cause "the uncertainty of the venue laid in the declaration, the averment being that the defendant, at the state aforesaid, by his certain writing obligatory, promised to pay, having previously mentioned the state of Tennessee and the state of Arkansas." In England, the general rule respecting laying the venue in declarations was, that every material and traversable fact should be alleged with a venue, as it regulated the summoning the jury, who were anciently always returned from the vicinage, on account of their supposed personal knowledge of the matter in dispute. With us venues in transitory actions are of no practical utility (Steph. Pl. 280–292, and cases cited in the notes), and the rule became so modified there, that in transitory actions the jurisdiction of the court was not affected by the venue laid, or the entire omission to lay one. Cowp. 176. Venues, however, have been always considered as a part of the technical form, but not as a substantial part of the declaration. A declaration without a venue, or with a wrong one, may be bad in form, by reason of long, immemorial, and technical usage (1 Chit. Pl. 310); but where the jurisdiction of the court depends on the sum in controversy and citizenship of parties, the objection ought not to be allowed. There does not, however, appear to be any uncertainty in the venue laid in the declaration in this case. The venue, as laid in the margin, is the state of Arkansas, and the state of Tennessee is only mentioned as a part of the description of the plaintiff. The words "state aforesaid" have a general reference to the state of Arkansas in the margin, and not a particular reference to the addition of the plaintiff's name. 1 Chit. Pl. 305. Where a county is in the margin of a declaration, and the trespass or thing is alleged to have been done at D., and it is not shown in what county D. is, yet it is well enough, because it shall be intended to be in the same county stated in the margin; for a general intendent shall there serve. 3 Wils. 340; 1 Saund. 308, note 1; 5 Mass. 95.

A question has been made as to whether a special demurrer is allowable by the practice of this court. The 32d section of the judiciary act of congress of 1789—1 Story's Laws U. S. 66 [1 Stat. 91]—expressly gives the right of filing a special demurrer in all actions in the courts of the United States. Demurrer overruled.